UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO TORRES,<br>Plaintiff,<br>v.<br>PEOPLEREADY, INC., et al.,<br>Defendants. | No. 2:25-cv-01814-DC-CKD<br><br>ORDER GRANTING DEFENDANT PEOPLEREADY, INC.'S MOTION TO COMPEL ARBITRATION AND STAYING ACTION<br><br>(Doc. Nos. 6, 17) |

This matter is before the court on Defendant PeopleReady, Inc.'s motion to compel arbitration of Plaintiff's individual claims. (Doc. No. 6.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 15.) For the reasons explained below, the court will grant the motion to compel arbitration and stay all proceedings pending completion of arbitration.

**BACKGROUND**

Plaintiff Antonio Torres initiated this wage-and-hour class action on April 23, 2025, in the San Joaquin County Superior Court against his former employers Defendants PeopleReady, Inc. ("PeopleReady") and Atherton Homes, LLC. (Doc. No. 1-2 at 5–48.) Defendant PeopleReady removed the action to this court on June 27, 2025, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 and the federal Class Action Fairness Act. (Doc. No. 1.)

Plaintiff alleges in the complaint that Defendants violated the California Labor Code by

failing to provide adequate meal and rest periods, failing to timely pay all wages for all hours worked, and failing to reimburse business expenses. (Doc. No. 1-2 at 13–18.) Plaintiff also alleges Defendants violated the California Business and Professions Code. (*Id.* at 19–20.) Plaintiff seeks to represent a class of "[a]ll current and former California employees of Defendants since the date four (4) year[s] prior to the filing of" the complaint. (*Id.* at 12.)

Defendant PeopleReady filed the pending motion to compel arbitration of Plaintiff's individual claims on December 30, 2025. (Doc. No. 6.) In the pending motion, Defendant PeopleReady contends that "Plaintiff signed an enforceable arbitration agreement requiring individual arbitration of any claim he may have against PeopleReady, and its customers, and prohibiting Plaintiff from pursuing claims on a class or collective basis." (Doc. No. 6-1 at 2.) Defendant PeopleReady further requests that the court dismiss Plaintiff's putative class claims pursuant to the alleged class action waiver and agreement to arbitrate Plaintiff's individual claims. (*Id.* at 9.)

Plaintiff filed an opposition to the pending motion on January 13, 2026. (Doc. No. 12.) Plaintiff challenges the formation of the arbitration agreement and argues that, in any event, the arbitration agreement is unconscionable and thus unenforceable. (*Id.* at 1.) Defendant PeopleReady filed a reply in support of the pending motion on January 23, 2026. (Doc. No. 13.)

On March 19, 2026, Defendant PeopleReady filed a request for judicial notice and a notice of supplemental authority therewith, in which Defendant PeopleReady provides notice of the Northern District of California's decision in *Perez v. PeopleReady, Inc.*, No. 25-cv-04610-AMO, 2026 WL 638555, at *5 (N.D. Cal. Mar. 6, 2026), and requests the court to take judicial notice of the parties' briefing on the motion resolved in that decision.[1] (Doc. Nos. 17, 17-1.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that contractual arbitration agreements

[1] The court will grant the request (Doc. No. 17) and take judicial notice of the briefing filed in support and opposition to the motion to compel arbitration decided by the court in *Perez*, a case that involved the same arbitration agreement as this case. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

"evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects "a national policy favoring arbitration when [] parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). For this reason, a court's role in considering a motion to compel arbitration is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the court answers both questions in the affirmative, it must 'enforce the arbitration agreement in accordance with its terms.'" *Johnson v. Walmart Inc.*, 57 F.4th 677, 680 (9th Cir. 2023) (quoting *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020)).

In determining whether a valid arbitration agreement exists, federal courts apply state law principles of contract formation. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014). In California, a contract is formed if (1) the parties are capable of contracting; (2) they consent; (3) there is a lawful object; and (4) there is sufficient cause or consideration. Cal. Civ. Code § 1550. A party's consent to "an agreement to arbitrate may be express, as where a party signs the agreement" or "implied in fact." *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US) LLC*, 55 Cal. 4th 223, 236 (2012). "Despite the strong policy favoring enforcement of arbitration agreements, generally applicable contract defenses such as fraud, duress, or unconscionability are applicable to arbitration agreements as they are to other contracts." *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 951 (N.D. Cal. 2015) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). A defendant seeking to compel arbitration bears the burden of proving the existence of an arbitration agreement by a preponderance of the evidence. *See Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022).

/////

## ANALYSIS

### A. Existence of Arbitration Agreement

Courts apply state law in determining whether a valid contract to arbitrate exists. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). The parties do not specifically address which state's law is applicable to this dispute, but both analyze the existence of the agreement under California law. (Doc. Nos. 6-1 at 3; 12 at 5–6.)

A defendant may meet its "initial burden to show an agreement to arbitrate" merely "by attaching a copy of the arbitration agreement purportedly bearing the [plaintiff's] signature" to the motion to compel arbitration. *Espejo v. S. Cal. Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016). However, if a plaintiff "challenge[s] the validity of that signature in [that plaintiff's] opposition" to a motion to compel arbitration, a defendant is "then required to establish by a preponderance of the evidence that the signature [is] authentic." *Id.* To shift the burden back to the defendant, the plaintiff "need not *prove* that [the plaintiff's] purported signature is not authentic, but must submit sufficient evidence to create a factual dispute." *Iyere v. Wise Auto Grp.*, 87 Cal. App. 5th 747, 755 (2023).

California recognizes the validity of electronic signatures pursuant to the Uniform Electronic Transaction Act, which provides that a "signature may not be denied legal effect or enforceability solely because it is in electronic form." Cal. Civ. Code § 1633.7. "An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." Cal. Civ. Code § 1633.9.

The "burden of authenticating an electronic signature is not great." *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 844 (2014). "Courts have found that evidence of a unique, secure username and password may sufficiently authenticate a signature when that signature is a typed name input by the user." *Zamudio v. Aerotek, Inc.*, No. 1:21-cv-01673-JLT-CDB, 2024 WL 2055146, at *3 (E.D. Cal. May 8, 2024) (collecting cases). "Similarly, the use of a checkbox to show acknowledgment and agreement with a specific policy document has also been found

sufficient where a unique, secure username and password was used to access the website containing the policy document." *Smith v. Rent-A-Ctr., Inc.*, No. 1:18-cv-01351-LJO-JLT, 2019 WL 1294443, at *5 (E.D. Cal. Mar. 21, 2019) (citation omitted).

The authentication of an electronic signature turns on the indicia of reliability demonstrated in the processes associated with the signor's username and password. *Id.* at *5. "These processes, and attendant explanations, are fact-specific and contextual; they may take many forms yet still satisfy the burden of authentication." *Id.* The declarations of human resource employees may be sufficient to authenticate electronic signatures, but "the *content* of such declarations, rather than their mere existence, is determinative for clearing the authentication threshold." *Id.*

In the pending motion, Defendant PeopleReady contends Plaintiff electronically signed the arbitration agreement during his employment onboarding process. (Doc. No. 6-1 at 2.) In support of this contention, Defendant PeopleReady submits a declaration from its regional vice president, Vince Vargas, and attaches thereto a copy of the alleged arbitration agreement purportedly bearing Plaintiff's electronic signature. (Doc. No. 6-2.) In opposition, Plaintiff argues that Defendant PeopleReady "has not properly authenticated Plaintiff's signature, as it is required to do." (Doc. No. 12 at 5.) Plaintiff supports this contention by submitting a declaration stating that he does not "recall signing any documents that referenced arbitration." (Doc. No. 12-1 at ¶ 3.)

In reply, Defendant PeopleReady contends that Plaintiff "must have been the person who signed the arbitration agreement," because he signed the arbitration agreement as part of his online employment application through the JobStack application, which required him to create an account with a username and unique password known only to him. (Doc. No. 13 at 4.) In support of these contentions, Defendant PeopleReady submits declarations from its vice president of business enablement, Jeroen Decker, and territory manager, Stephanie Tacheira. (Doc. Nos. 13-1, 13-2.) Jeroen Decker attests that an applicant applying through JobStack must create a profile in the JobStack application, which requires them to input their first and last name and phone number. (Doc. No 13-1 at ¶ 3.) JobStack then calls or texts the applicant with a pin number for

the applicant to verify their phone number and create a unique password known only to the applicant. (*Id.* at ¶ 4.) The applicant then must input personal information, including their birthday, address, social security number, and a copy of an identification document to complete the I-9 verification process and confirm their eligibility to work. (*Id.* at ¶¶ 5, 10.) In addition, JobStack did not permit the electronic signature of any document unless the applicant opened the document and scrolled to the end. (*Id.* at ¶ 7.) Further, Stephanie Tachiera attests that applicants create their JobStack profile and access the application to complete the arbitration agreement "on their own devices, on their own time, and at their own pace." (Doc. No. 13-2 at ¶ 3.)

Having considered this evidence, the court finds Defendant PeopleReady has met its initial burden to show an agreement to arbitrate exists by submitting the arbitration agreement purportedly bearing Plaintiff's electronic signature with its motion to compel arbitration. (Doc. No. 6-2); *see Espejo*, 246 Cal. App. 4th at 1060. Thus, the question is whether Plaintiff has "submit[ted] sufficient evidence to create a factual dispute" as to the authenticity of his signature. *Iyere*, 87 Cal. App. 5th at 755. Defendant PeopleReady contends that Plaintiff's "lack of memory" regarding signing the arbitration agreement does not create a factual dispute regarding the signature's authenticity and thus does not shift the burden back to Defendant PeopleReady to authenticate the signature. (Doc. No. 13 at 4.) Defendant PeopleReady cites *Iyere* to support this contention, but *Iyere* is distinguishable. In *Iyere*, the court concluded that "the fact that [a] person does not recall signing the [arbitration] agreement neither creates a factual dispute as to the signature's authenticity nor affords an independent basis to find that a contract was not formed. *Iyere*, 87 Cal. App. 5th at 758. However, the court in *Ieyre* limited its holding to handwritten signatures. *Id.* ("While handwritten and electronic signatures once authenticated have the same legal effect, there is a considerable difference between the evidence needed to authenticate the two."). Indeed, in the case of authenticating an electronic signature, "the individual's inability to recall signing electronically may reasonably be regarded as evidence that the person did not do so." *Id.* at 757. Thus, Plaintiff has met his burden to create a factual dispute regarding the authenticity of his signature.

Nevertheless, Defendant PeopleReady presents sufficient evidence with its reply to show

that Plaintiff signed the arbitration agreement. Specifically, evidence that Plaintiff could access and complete application onboarding materials, including the arbitration agreement, only with a unique username and password known only to him, supports the conclusion that only Plaintiff could have signed the arbitration agreement. *See Espejo*, 246 Cal. App. 4th at 1062 (finding evidence of use of a unique, secure username and password sufficient to authenticate an electronic signature); *Yancey v. Ccfi Cos.*, LLC, No. 2:124-cv-02187-DAD-JDP, 2025 WL 2719361, at *5 (E.D. Cal. Sept. 24, 2025) ("[D]etailing the unique 'username and password that [plaintiff] created' and the steps required to complete an onboarding application in defendant's online HR system, is sufficient to rebut any challenge by plaintiff as to the authenticity of [plaintiff's]  signature."); *Gonzalez v. Peak Cal. Rest. Grp., LLC*, 831 F. Supp. 3d 871, 879 (N.D. Cal. 2026) (finding that a declaration that employees must log in to their password-protected account using their self-created usernames and passwords was sufficient to authenticate an employee's signature on an arbitration agreement). This conclusion is further supported by evidence that Plaintiff provided additional personally identifying information through the JobStack application on other onboarding materials such as his I-9 form as part of a multi-step onboarding process. *See Tagliabue v. J.C. Penney Corp., Inc.*, No. 1:15-cv-01443-SAB, 2015 WL 8780577, at *3 (E.D. Cal. Dec. 15, 2015) (defendant submitted sufficient evidence to establish plaintiff electronically signed arbitration agreements by providing a declaration detailing multiple discrete steps of its onboarding process).

Plaintiff relies on *Ruiz* to argue that Defendant PeopleReady has failed to meet its burden to authenticate Plaintiff's signature, but that reliance is misplaced. In *Ruiz*, the court found that "the fact the [arbitration] agreement had an electronic signature on it in the name of [the plaintiff], and a date and time stamp for the signature, was insufficient" to authenticate the plaintiff's signature. *Ruiz*, 232 Cal. App. 4th at 844. Further, the defendant employer's "unsupported assertion that [the plaintiff] was the person who electronically signed the [arbitration] agreement" failed to show how only the plaintiff could have signed the agreement. *Id.* The defendant's supporting declaration could have authenticated the plaintiff's signature if the declarant had explained (i) that a signature could only have been placed on the arbitration agreement by a

person using the plaintiff's unique login ID and password; (ii) that the date and time printed next to the electronic signature indicated the date and time the electronic signature was made; or (iii) that all employees were required to use their unique login ID and password to sign the arbitration agreement. *See id.* By contrast, here the declarations of Jeroen Decker and Stephanie Tacheira offer the critical factual connections that the declaration in *Ruiz* lacked. *See Espejo*, 246 Cal. App. 4th at 1062 ("[W]e find the supplemental [] declaration offered the critical factual connection that the declarations in *Ruiz* lacked."). Accordingly, Defendant PeopleReady has met its burden to authenticate Plaintiff's signature and prove the existence of an arbitration agreement by a preponderance of the evidence.

**B. Unconscionability**

Having found that an arbitration agreement exists between Plaintiff and Defendant PeopleReady, the court next turns to Plaintiff's arguments that the arbitration agreement is procedurally and substantively unconscionable. Specifically, Plaintiff argues that the arbitration agreement is procedurally unconscionable because (i) it is a contract of adhesion and (ii) the Judicial Arbitration and Mediation Services ("JAMS") rules governing arbitration were incorporated into the agreement by reference but not attached to the agreement. (Doc. No. 12 at 8–9.)[2]

Under California law, a court may refuse to enforce a provision of a contract if it determines that the provision was unconscionable at the time it was made. Cal. Civ. Code § 1670.5(a); *see also Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (explaining that an arbitration agreement may be deemed invalid on grounds of unconscionability). A "contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 125 (2019). An agreement to arbitrate is unconscionable only if it is

---

[2] Plaintiff also argues the arbitration agreement is substantively unconscionable and is not capable of severance. (Doc. No. 12 at 10–13.) Because the court finds that the arbitration agreement is not procedurally unconscionable, the court does not address Plaintiff's arguments regarding substantive unconscionability or severance. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs*., *Inc*., 24 Cal. 4th 83, 114 (2000). "Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co*., 733 F.3d 916, 922 (9th Cir. 2013). "Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *OTO*, 8 Cal. 5th at 125. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Sanchez v. Valencia Holding Co*., LLC, 61 Cal. 4th 899, 910 (2015) (citation omitted). The party opposing arbitration bears the burden of establishing that an arbitration agreement is unconscionable. *See Shivkov v. Artex Risk Sols., Inc*., 974 F.3d 1051, 1059 (9th Cir. 2020).

When analyzing procedural unconscionability, the court begins by determining whether the agreement is a contract of adhesion. *Prostek v. Lincare Inc*., 662 F. Supp. 3d 1100, 1115 (E.D. Cal. 2023). Generally, a contract of adhesion is a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Pinela v. Neiman Marcus Grp., Inc*., 238 Cal. App. 4th 227, 242 (2015) (quoting *Armendariz*, 24 Cal. 4th at 113). An arbitration agreement that is a "'take it or leave it' employment condition, without more, is procedurally unconscionable." *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 114 (2004) (citations omitted). But an arbitration agreement is not a contract of adhesion if there is an opportunity to opt-out of it. *See Mohamed v. Uber Techs., Inc*., 848 F.3d 1201, 1211 (9th Cir. 2016); *see also Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199–1200 (9th Cir. 2002) (opt-out provision prevented an arbitration agreement from being a contract of adhesion and supported enforceability of the agreement). "If a contract of adhesion is at issue, courts must assess whether the circumstances of the contract's formation created such oppression or surprise that closer scrutiny of the contract's overall fairness is required." *Zamudio v. Aerotek, Inc.*, 733 F. Supp. 3d 931, 943 (E.D. Cal. 2024) (citing *OTO*, 8 Cal. 5th at 126). "[T]he adhesive nature of a contract, without more, [] give[s] rise

to a low degree of procedural unconscionability at most." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017).

Here, Plaintiff first argues the arbitration agreement is a procedurally unconscionable contract of adhesion. (Doc. No. 12 at 8–9.) Specifically, Plaintiff argues the agreement was presented as a "take-it-or-leave-it" condition of starting his employment. (*Id.*) In support of this argument, Plaintiff cites his declaration, in which he attests the following: "During onboarding, two women told me to sign certain documents if I sought to work for Defendant. They told me that the documents . . . were for 'insurance purposes.' The two women informed me that I needed to sign the documents to start my employment . . . ." (Doc. No. 12-1 at ¶ 4.) Further, Plaintiff attests that he "felt pressured and rushed to sign the documents" and that he "was afraid that if [he] did not sign the documents, [he] would not get the job." (*Id.* at ¶ 5.) However, Plaintiff has not produced any evidence that the arbitration agreement was presented as a condition of employment, and his attestation that two women informed him he needed to sign documents for "insurance purposes" does not create a factual dispute as to whether the arbitration agreement was adhesive. That Plaintiff felt pressured to sign certain documents in person for "insurance purposes" does not preclude that he voluntarily signed the arbitration agreement on his own device, on his own time, and at his own pace, as Stephanie Tacheira attests. (*See* Doc. No. 13-2 at ¶ 3.) Indeed, the evidence before the court shows that Plaintiff signed the arbitration agreement before appearing for his in-person onboarding, which suggests that Plaintiff was not pressured to sign the agreement in person or otherwise told the agreement was a mandatory condition of employment. Defendant also contends that Plaintiff, in his declaration, confuses the mandatory I-9 form with the voluntary arbitration agreement. (Doc. No. 13 at 5–6.) Further, Defendant contends that "[t]o the extent Plaintiff believes he was told he was signing documents 'about insurance,' . . . his memory is mistaken." (Doc. No. 13 at 6.) Moreover, as Defendant PeopleReady emphasizes, the contract expressly and conspicuously states—in bold, orange-colored text—that the agreement is voluntary and not a mandatory condition of employment. (Doc. Nos. 13 at 7; 6-2 at 5.)

/////

For these reasons, the court finds that the arbitration agreement is not a contract of adhesion.

Plaintiff also argues the arbitration agreement is procedurally unconscionable because the rules governing arbitration were not attached to the agreement. (Doc. No. 12 at 9–10.) The court is not persuaded by this argument because Plaintiff's unconscionability challenge does not concern any aspects of the JAMS rules. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016) (finding no procedural unconscionability where an employer did not attach arbitration rules to an arbitration agreement because the employee's challenge had "nothing to do with the [] rules"). The agreement also provides a link to the JAMS rules and states that the employer will provide a copy of the rules upon request (Doc. No. 6-2 at 5), which further indicates the agreement is not procedurally unconscionable.

Finally, the agreement contains no other indicia of procedural unconscionability. *See Ahmed*, 283 F.3d at 1199 (considering "any other indicia of procedural unconscionability" after concluding arbitration agreement was not a contract of adhesion). The terms of the agreement are spelled out in a standalone two-page document, with clear text in bold, all-capital letters at the top of the first page of the document stating that the document contains an agreement to arbitrate and advising Plaintiff to read the document carefully. (Doc. No. 6-2 at 5.); *see Nat'l Bank of Cal., NA v. Gay*, No. 2:11-cv-2521-RSWL-JCG, 2011 WL 2672359, at *3 (C.D. Cal. June 29, 2011) (finding that there was no element of surprise where an arbitration agreement was "not hidden or difficult to read, as it was contained in a stand-alone, three-page document").

For these reasons, the court concludes Plaintiff has not met his burden to prove the arbitration agreement is procedurally unconscionable. *See Shivkov*, 974 F.3d at 1059 ("The party opposing arbitration bears the burden of establishing that an arbitration agreement is unconscionable."). Plaintiff's failure to show procedural unconscionability forecloses his unconscionability defense under California law, which requires both procedural and substantive unconscionability. *See Armendariz*, 24 Cal. 4th at 114; *Rubio v. Aaron's LLC*, No. 1:24-cv-00526-KES-BAM, 2024 WL 4904512, at *7 (E.D. Cal. Nov. 27, 2024) ("As the arbitration agreement is not procedurally unconscionable, the [c]ourt need not address the issue of

substantive unconscionability."); *Prizler v. Charter Commc'ns, LLC*, No. 3:18-cv-1724-L-MSB, 2019 WL 2269974, at *4 (S.D. Cal. May 28, 2019) (declining to analyze substantive unconscionability where there was no procedural unconscionability because employee had an opportunity to opt-out of arbitration agreement).

**C. Class Action Waiver**

Defendant PeopleReady argues this court should dismiss Plaintiff's class claims because pursuant to the arbitration agreement, he agreed to arbitrate his claims on an individual basis only. (Doc. No. 6-1 at 11.) An arbitration agreement may contain an enforceable waiver that waives the right to initiate or participate in a class action. *See Concepcion*, 563 U.S. at 351; *Prostek*, 662 F. Supp. 3d at 1122; *Ruiz v. Conduent Com. Sols., LLC*, No. 1:21-cv-1555-JLT-CDB, 2023 WL 3379300, at *12 (E.D. Cal. May 11, 2023). Here, the terms of the arbitration agreement require that all covered claims be submitted and arbitrated on an individual basis. (Doc. No. 6-2 at 6.) Plaintiff expressly waived the right to initiate or participate in any class action. (*Id.*) Apart from arguing that the arbitration agreement as a whole is unconscionable, Plaintiff does not contend that the class action waiver is inapplicable or unenforceable. Therefore, the court will give effect to the arbitration agreement's class action waiver and dismiss all of Plaintiff's putative class claims against Defendant PeopleReady, Inc., without prejudice. *See Concepcion*, 563 U.S. at 351; *Yancey*, 2025 WL 2719361, at *10; *Tercero v. Sacramento Logistics LLC*, No. 2:24-cv-00953-DC-JDP, 2025 WL 43125, at *13 (E.D. Cal. Jan. 7, 2025), *reconsideration denied*, No. 2:24-cv-00953-DC-JDP, 2025 WL 2811078 (E.D. Cal. Oct. 3, 2025).

This action will therefore be stayed as to Plaintiff's individual claims against Defendant PeopleReady pending arbitration of Plaintiff's individual claims. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, Section 3 of the FAA compels the court to stay the proceeding.").

**CONCLUSION**

For the reasons explained above:

1. Defendant PeopleReady, Inc.'s request for judicial notice (Doc. No. 17) is

GRANTED;

2. Defendant PeopleReady, Inc.'s motion to compel arbitration of Plaintiff's individual claims brought in this action against Defendant PeopleReady, Inc. (Doc. No. 6) is GRANTED;

3. Plaintiff's putative class claims against Defendant PeopleReady, Inc. are DISMISSED without prejudice;

4. This action is stayed as to Plaintiff's individual claims against Defendant PeopleReady, Inc., pending the completion of arbitration of Plaintiff's individual claims against Defendant PeopleReady, Inc.;

5. Plaintiff and Defendant PeopleReady, Inc. shall file a joint status report ninety (90) days from the date of entry of this order, and every ninety days thereafter, regarding the status of the arbitration proceedings; and

6. Within fourteen (14) days of the completion of arbitration proceedings, Plaintiff and Defendant PeopleReady, Inc. shall file a joint status report to notify the court of the arbitrator's decision and request that the stay of this action be lifted.

IT IS SO ORDERED.

Dated: **November 16, 2026**

Dena Coggins
United States District Judge